# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

IN RE:                                          **Case No. 15-73678-SCS**
                                                **Chapter 11**

**John Bianco,**

      **Debtor-in-Possession.**

## SECOND PLAN OF REORGANIZATION

### July 27, 2016

Karen M. Crowley, VSB No. 35881
Olga Antle, VSB No. 83153
Crowley, Liberatore, Ryan & Brogan, P.C.
150 Boush Street, Suite 300
Norfolk, Virginia 23510
Telephone:  (757) 333-4500
Facsimile:  (757) 333-4501
Counsel for John Bianco

# PLAN OF REORGANIZATION

## I.   **INTRODUCTION**

John Bianco (the "Debtor") proposes this Second Plan of Reorganization ("Plan") under the provisions of Chapter 11, Title 11 of the United States Code.  All claims and interests against the Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts and/or unexpired leases, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan.

## II.   **DEFINITIONS  RULES OF CONSTRUCTION**

The definitions and rules of construction set forth in 11 U.S.C. §§101 and 102 of the Bankruptcy Code shall apply to any term used in the Plan or Second Disclosure Statement ("Disclosure Statement"), unless otherwise expressly defined herein,[1] and are supplemented by the following definitions:

**Administrative Claim or Administrative Expense**:  The costs and expenses of this Chapter 11 case, including:  (1) the actual, necessary costs and expenses of preserving the Debtor's Estate; (2) operating the business of the Debtor; (3) all allowances of compensation and reimbursement of costs and expenses under §§ 330 or 503 of the Bankruptcy Code; or (4) as may be otherwise Allowed by an Order of the Court.

**Administrative Claims Bar Date**: The deadline for filing a request for payment of Administrative Expenses, which shall be the same as the Effective Date.

**Allowed** or **Allowed Claim**:  With respect to a Claim against the Debtor, such claim to the extent that (1) a proof of claim was timely filed and to which no objection has been filed within the timeframes contained in this Plan or otherwise set by the Court; or (2) a proof of claim was deemed filed pursuant to Section 1111(a) of the Code, and such claim was not listed on the Debtor's schedules as disputed, contingent or unliquidated; or, (3) a claim which is fixed by an Order of the Court.

**Allowed Deficiency Claim:** The amount of an Allowed Claim against a Debtor that exceeds the amount of an Allowed Secured Claim of a creditor.

**Ballot**:  The document by which the holder of a claim against or an interest in the Debtor indicates whether such holder accepts or rejects the Plan.

**Bankruptcy Code**:  Title 11, United States Code, and the United States Bankruptcy Code.

**Bankruptcy Court or Court**:  The United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, acting in this case.

**Bar Date**:  The deadline established by the Court to file a proof of claim with the Bankruptcy Court, which deadline was 03/01/2016 for all creditors and 04/25/2016 for all governmental units.

---

[1] To the extent that the Disclosure Statement assigns separate or additional definitions therein, such definitions are limited to the Disclosure Statement and are not incorporated into the Plan by any reference in the Disclosure Statement to the Plan.

**Case** or **this Case**:  The case to reorganize the Debtor commenced by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on the Filing Date that is now pending in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division.

**Claim** or **Claims:** Any and all claims, as defined in 11 U.S.C. §101(5) against the Debtor, their Property or their Estates.

**Confirmation** or **Confirmation of the Plan**:  The date on which an order confirming the Plan is entered on the docket.

**Confirmation Hearing**:  The hearing on the Confirmation of the Plan.

**Confirmation Order**:  The order entered by the Bankruptcy Court confirming the Plan.

**Consummation of the Plan**:  Substantial consummation, as that term is defined in 11 U.S.C. §1102.

**Creditor:**  Any holder of a Claim.

**Debtor**:  John Bianco, the debtor in possession in this Case.

**Deficiency Claim**:  The amount of an Allowed Claim against a Debtor that exceeds the amount of an Allowed Secured Claim of a creditor.

**Disclosure Statement** or **the Statement**:  The Debtor's Disclosure Statement dated July 27, 2016, which was filed in accordance with the requirements of §1125(b).

**Disputed Claim:**  a Claim to which an objection has been filed with the Bankruptcy Court.

**Distribution(s):**  The amount(s) to be distributed to holders of Allowed Unsecured Claims under the Plan.

**Effective Date**:  The Effective Date of this Plan, as used in Chapter 11 of the Bankruptcy Code, shall be 60 days from the Confirmation of the Plan.

**Estate** or **the Estate**:  All property and interests in property belonging to either or both of the Debtors as of the Filing Date pursuant to § 541(a), and proceeds of such property.  This term excludes: (1) interests in property which re-vest in the Debtor upon Confirmation of the Plan pursuant to § 1141(b); (2) interests in property excluded from the Estate pursuant to §§ 541(a)(6) and 541(c)(2); (3) interests in property which are exempt pursuant to § 522; and (4) interests in property abandoned pursuant to § 554.

**Executory Contracts**:  All contracts subject to the provisions of 11 U.S.C. §365 for which there is performance due from all parties to the contract as defined in Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1045 (4th Cir. 1985).

**Filing Date**:  July 27, 2016, the date this Case was originally filed with the Court.

**Final:**  In reference to an order, shall mean an order of a court that has not been reversed, modified, amended or stayed, and the time for appeal or to seek review or certiorari or rehearing thereof, has expired and as to which no appeal, review or rehearing is pending, and has become conclusive of all matters adjudicated thereby and is in full force and effect.

**Impaired**:  with respect to a claim or class of claims, treatment that is not consistent with any one or more of the subsections of § 1124.

**IRS**:  The Internal Revenue Service, an agency of the Department of Treasury of the United States.

3

**John Bianco:** John T. Bianco or Mr. Bianco, the Debtor in this Case.

**Loan Documents:**  All of the documents evidencing, securing, or otherwise relating to a Secured Claim of any lending institution against the Debtor.

**Plan**:  The Debtor's Plan of Reorganization dated July 27, 2016.

**Post-Petition**:  Times and dates on and after the Filing Date.

**Pre-Petition**:  Times and dates before the Filing Date.

**Priority/Priority Claim**:  The portion of an Allowed claim that is not a Secured Claim and which is entitled to priority under §507(a) of the Bankruptcy Code.

**Property**:  All property and interests in property belonging to the Debtor as of the Filing Date pursuant to § 541(a), and proceeds of such property.  It excludes: (1) interests in property which revest in the Debtor upon Confirmation of the Plan pursuant to § 1141(b); (2) interests in property excluded from the Estate pursuant to §§ 541(a)(6) and 541(c)(2); (3) interests in property exempt pursuant to § 522; and (4) interests in property abandoned pursuant to § 554.

**Real Properties**:  The real properties owned by the Debtor consisting of the Rental Properties and the Residence of the Debtor.

**Rental Properties:**  The real properties owned and leased by the Debtor, which are located at the following addresses:

- 2365 Scotchtown Drive, Virginia Beach, VA
- 1408 Dermott Avenue, Virginia Beach, VA
- 2316 Woodbeach Landing, Virginia Beach, VA
- 2459 Pleasure House Road, Virginia Beach, VA

**Residence**: The real property owned by the Debtor and located at 2369 Scotchtown Drive, Virginia Beach, VA, which is his primary residence.

**RESPA**: Real Estate Settlement Procedures Act and implementing regulations as they may be amended from time to time.

**Rule n**:  The Rule of the Federal Rules of Bankruptcy Procedure.

**Section *n* or § *n*:**  The section of the Bankruptcy Code.

**Secured or Secured Claim**:  A claim secured by a lien, security interest, a charge against, or an interest in property in which the Debtor has an interest; which has been perfected as required by applicable non-bankruptcy law, or which is subject to setoff under §553; to the extent of but not exceeding the value (determined in accordance with §506 of the interest of the holder of such claim in the Debtor's interest in such property, or to the extent of the amount subject to setoff; together with interest, fees, costs and charges as may be Allowed by §506(b)).

**The Bank of New York Mellon**: Shall mean the Bank of New York Mellon f/k/a the Bank of New York.

**Unsecured or Undersecured Claim**:  A claim which is neither a Priority Claim nor a Secured Claim, including without limitation Deficiency Claims and Second Deed of Trust Claims.

**U.S. Trustee**:  The Office of the United States Trustee for the Eastern District of Virginia, Norfolk Division.

## III.    SUMMARY OF PLAN AND MEANS OF EXECUTION

The Plan provides for eight classes of Secured Claims and one class of Unsecured Claims. Pursuant to 11 U.S.C. § 506(a)(1), any Allowed Deficiency Claims are treated as Unsecured Claims.  Allowed Unsecured Claims will receive a lump sum Distribution at Confirmation and quarterly pro rata Distributions.  The Plan also provides for the payment of Administrative and Priority Claims that have not been not been paid in full by the Effective Date.

All Creditors should refer to sections IV and V of this Plan for information regarding the precise treatment of their claims.  The Disclosure Statement, which provides more detailed information regarding the Plan has been circulated with this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

A.    Means of Cash Payments.

The Debtor will make all payments under the Plan from post-confirmation rental income, the Debtor's wages, cash accumulated during the Case and funds securing the USAA FSB secured credit card, which USAA agreed to return to the Debtor upon Confirmation of the Plan.

B.    Delivery of Distributions and Returned Distributions.

Distributions, deliveries, and any notice to holders of Allowed Claims will be made at: (i) the addresses set forth in any proof of claim filed by the holder of such Allowed Claims, or if none, at the address set forth in the Notice of Appearance filed with the Court, or if none, at the address set forth in the Debtor's Schedules; or (ii) at the addresses set forth in any written notice of address changes delivered and received by the Debtor; or (iii) at the option of the Debtor, to counsel of record for the holder of any Allowed Claim.

If any distribution is returned as undeliverable, no further Distributions to the holder will be made unless and until the Debtor is notified of the holder's then current address, at which time all returned Distributions will be made to the holder without interest.  All claims for undeliverable Distributions must be made to the Debtor on or before the six (6) month anniversary of the Effective Date.  After that date, all unclaimed property will be remitted to the Debtor's debtor in possession bank account, and the entire Claim of any holder with respect to such property will be forever barred.

C.    Time Bar to Cash Payments.

Checks issued by the Debtor in respect of Allowed claims will be void if not cashed within 60 days of the date of their issuance.  Requests for reissuance of any check shall be made to the Debtor by the holder of the Allowed Claim with respect to which the check originally was issued.  Any claim in respect of such a voided check must be made on or before 90 days after the date of issuance of the check.  After that date, all claims in respect of void checks will be forever barred and the amount of the check shall be distributed in accordance with the terms of the Plan.

D.     De Minimis Distributions.

No payment of less than ten dollars ($10.00) will be made by the Debtor on account of any Claim.  If at any time the total amount of cash available for Distribution to all holders of Allowed Claims is insufficient to pay any holder of such Allowed Claims at least ten dollars ($10.00) and the Debtor determines that, to the best of its knowledge, no more funds will subsequently become available for Distribution, then all of the remaining funds may be used as the Debtor sees fit.

## IV.    TREATMENT OF UNCLASSIFIED CLAIMS

A.     <u>Unclassified Claims</u>.    Under Section 1123(a)(1) of the Bankruptcy Code, administrative expense claims and priority tax claims are not in classes.

B.     <u>Administrative Claims of Persons Other than Professionals.</u>  Any creditor or party in interest with a claim for payment of Administrative Expenses pursuant to 11 U.S.C. § 503, excluding professionals employed by the Estate pursuant to 11 U.S.C. § 327 or 1103, which arises on or before Confirmation, must file a motion or request for payment on or before the Administrative Claims Bar Date. **If such motion or request is not timely filed in accordance with this Plan or in accordance with an order otherwise setting a bar date for filing administrative claims, the creditor will be prohibited from asserting such claims against the Estate**. Unless extended by order of the Bankruptcy Court, the Debtor and any other party in interest will have 21 days after the Administrative Claims Bar Date to review and object to such requests for payment, provided that such 21-day period of review may be extended by the Bankruptcy Court upon the request of the Debtor.  Except as otherwise provided in the Plan, the Debtor shall pay each holder of an Administrative Expense Claim that has been Allowed under Section 503 in full on the later of (1) the Effective Date, or (2) the date an order allowing such Administrative Claim is Final; or, upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  Any such expenses incurred after Confirmation shall be paid directly by the Debtor.

C.     <u>Administrative Claims of Professionals</u>. Any professional employed pursuant to 11 U.S.C. § 327, shall receive payment for unpaid fees and expenses when an Order by the Court approving such professional's compensation is entered. Each professional shall file an application seeking approval of professional fees through Confirmation. Following Confirmation until the case is closed, unless otherwise provided in the Plan or by order of the court, Mr. Bianco shall pay such professional its necessary and reasonable fees within 30 days of receipt of any billing statement.

a.     <u>CLRB </u>- Depending on the extent of creditors' objections to the Plan and other litigation, the Debtor estimates that the invoice for unpaid post-petition professional fees will be in the approximate amount of $15,000. The Court has previously approved CLRB's professional fees in the

amount of $8,707 ("Approved Fees") by Order entered on April 18, 2016 (Docket No. 71). The Debtor paid $4,000 of the Approved Fees from his DIP Operating Account and $989.50 from the pre-petition retainer received by CLRB. The above-referenced transactions were reflected in CLRB's Second Disclosure of Compensation filed with the Court on May 25, 2016 (Docket No. 77). Subject to the approval of this Court, the balance of the CLRB fees at Confirmation shall be paid as a lump sum payment from the accumulated cash reserves of the Debtor.

D.     Ordinary Course Expenses.  Administrative Expenses representing Post-Petition liabilities incurred in the ordinary course of the Debtor's respective financial affairs, including the operation of the Rental Properties, shall be paid by the Debtor in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto.  Holders of such Post-Petition Claims shall not be required to file any request for payment of such Administrative Expenses.

E.     Priority Tax Claims.  City of Virginia Beach Treasurer filed Proof of Claim No. 9, reflecting that on the Filing Date, the outstanding balance due to the City was $245.87.  The Allowed Priority Tax Claim of the City of Virginia Beach consists of the sum of all amounts outstanding and due to the City on Confirmation, including any unpaid base, penalty, and accrued interest, which shall be paid in full within 14 days of the entry of the order confirming the Plan from the accumulated cash reserves of the Debtor.

F.     United States Trustee Fees.  The Debtor shall timely pay all fees required to be paid by 28 U.S.C. § 1930(a)(6) as they accrue until their respective case is closed, dismissed, or converted to another chapter of the Bankruptcy Code, whichever occurs first.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

[Please continue to the next page]

## V.    TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

> 2369 Scotchtown Drive, Virginia Beach, VA
> 23454 – Residence of the Debtor

### A.    Class 1 – Claim of Nationstar Mortgage, LLC

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value of Property | Equity | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| Nationstar Mortgage, LLC | 2369 Scotchtown Drive, Virginia Beach, VA 23454 | $302,801.84 | All amounts outstanding on promissory note per Plan (plus any accumulated arrearage – $7,692.65) | $257,000 | $0 | (1) $1,692.61 – principal, interest and escrow; (2) $128.00 – arrearage | Pursuant to Loan Documents |

This class consists of the Allowed Claim of Nationstar Mortgage, LLC ("Nationstar"), which is the holder of a promissory note secured by the first priority deed of trust on the Residence. Nationstar filed Proof of Claim No. 5, reflecting that on the Filing Date, the outstanding amount owed to Nationstar was $308,057.28, inclusive of a prepetition arrearage of $7,692.65. Nationstar's Allowed Claim consists of the sum of all amounts outstanding and due on the promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim"). Nationstar shall receive payments pursuant to the terms of the Loan Documents.

Monthly principal, interest and escrow payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter in accordance with the Loan Documents.

The total sum of the arrearage shall be fully repaid in sixty equal installments, due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter until paid in full.

This class is Impaired.  Nationstar is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

The Debtor shall continue to insure, maintain and otherwise preserve the Residence in accordance with the Loan Documents.

Upon satisfaction of all payments due on the Allowed Claim, the holder of the Class 1 Claim shall release the lien of the deed of trust on the Residence.

> 2369 Scotchtown Drive, Virginia Beach, VA
> 23454 – Residence of the Debtor

**B.  Class 2 – Claim of NationStar Mortgage, LLC**

| Lender | Property Address | Principal Balance of Loan | Allowed Secured Claim | Market Value of Property | Equity | Projected Monthly Payment |
|---|---|---|---|---|---|---|
| NationStar Mortgage, LLC | 2369 Scotchtown Drive, Virginia Beach, VA 23454 | $76,684.74 | $0 | $257,000 | $0 | $0 |

Nationstar is a holder of a promissory note secured by a second priority deed of trust on the Residence. Pursuant to an appraisal obtained by the Debtor prior to the Filing Date, the value of the Residence is $257,000.  The Class 1 Allowed Claim of Nationstar exceeds the value of the Residence. Therefore, Class 2 Claim of Nationstar is completely unsecured and on Confirmation, shall be Allowed in the amount of $0.00 (unless otherwise determined by the Court at or before the Confirmation Hearing pursuant to FRBP 3012, 11 U.S.C. §§ 506 and 1129(b)(2)(A)). The Confirmation Order shall contain language releasing the lien of Nationstar and shall be recorded, upon Confirmation, in the real estate records for the City of Virginia Beach.

This class is Impaired.  Nationstar is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

The Allowed Deficiency Claim of Nationstar shall be treated as a general Unsecured Class 9 Claim.

[Please continue to the next page]

9

1408 Dermott Avenue, Virginia Beach, VA 23455
– Rental Property

**C.** Class 3 – Secured Claim of NationStar Mortgage, LLC

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| Nationstar Mortgage, LLC | 1408 Dermott Avenue, Virginia Beach, VA 23455 | $202,049.28 | All amounts outstanding on promissory note per Plan | $242,000 | $35,790.59 | $1,044.83 | WSJ Prime + 1.00% (adjusted per Plan) |

Nationstar is the holder of a promissory note secured by a first priority deed of trust on the Rental Property located at 1408 Dermott Avenue ("Dermott Avenue Property"). Nationstar filed Proof of Claim No. 8, reflecting that on the Filing Date, the balance of the Class 3 Claim was $206,209.41. Pursuant to Nationstar's valuation of the Dermott Avenue Property, the value of this property is $242,000. The Class 3 Claim shall be Allowed in the sum of all amounts outstanding and due on this promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim").

This class is Impaired. Nationstar is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

Nationstar's promissory note secured by the Dermott Avenue Property shall be modified to provide that:

(a) On the Effective Date, the Allowed Claim shall be amortized over 30 years and bear interest at the fixed annual rate set at the Wall Street Journal prime rate plus 1.00 % as of the Confirmation Date. The interest rate shall be adjusted annually by a maximum increase or decrease of 0.25%. Based upon the current prime rate of interest, the Debtor believes that the monthly payments will be in the amount set forth in the column labeled "projected monthly payment."

(b) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter (subject to the interest rate adjustment described herein) until the balance of the Allowed Claim is paid in full.

(c) Within the latter of the Effective Date or sixty (60) days after receipt of written notice from the Lender requiring an escrow arrangement for the payment of property taxes and insurance, the Debtor shall commence making monthly escrow payments to Lender in the

appropriate amount calculated in accordance with RESPA, other applicable law and these Plan provisions.

(d) At any time after the Effective Date, the Debtor may elect to pay the Allowed Claim in full, without penalty.

(e) The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(f) In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), Nationstar shall retain its lien on the Dermott Avenue Property to the extent of the Allowed Claim.

(g) Upon satisfaction of the Allowed Claim, the holder of the Class 3 Claim shall release the lien of the deed of trust on this property.

1408 Dermott Avenue, Virginia Beach, VA 23455 – Rental Property

**D.**  Class 4 – Secured Claim of Ocwen Loan Servicing, LLC

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | 1408 Dermott Avenue, Virginia Beach, VA 23455 | $36,012.46 | $35,790.59 | $242,000.00 | $0 | $181.35 | WSJ + 1% (adjusted per Plan) |

Upon information and belief, Ocwen Loan Servicing, LLC ("Ocwen") is the holder of a promissory note secured by a second priority deed of trust on the Dermott Avenue Property. The value of the Dermott Avenue Property is $242,000. Class 3 Claim of Nationstar is allowed in the sum of $206,209.41. Therefore, Class 4 claim of Ocwen is secured up to $35,790.59 and unsecured in the estimated amount of $221.87. Class 4 claim shall be Allowed in the amount of $35,790.59 on Confirmation (unless, otherwise determined by the Court at or before the Confirmation Hearing pursuant to FRBP 3012, 11 U.S.C. §§ 506 and 1129(b)(2)(A)). The Allowed Deficiency Claim of Ocwen Loan Servicing, LLC shall be treated as a general unsecured Class 9 Claim.

This class is Impaired.  Ocwen Loan Servicing, LLC is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

Nationstar's promissory note secured by the Dermott Avenue Property shall be modified to provide that:

(a) On the Effective Date, the Allowed Claim shall be amortized over 30 years and bear interest at the fixed annual rate set at the Wall Street Journal prime rate plus 1.00 % as of the Confirmation Date.  The interest rate shall be adjusted annually by a maximum increase or decrease of 0.25%. Based upon the current prime rate of interest, the Debtor believes that the monthly payments will be in the estimated amount set forth in the column labeled "projected monthly payment."

(b) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter (subject to the interest rate adjustment described  herein) until the balance of the Allowed Claim is paid in full.

(c) At any time after the Effective Date, the Debtor may elect to pay the Allowed Claim in full, without penalty.

(d) The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(e) In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), Nationstar shall retain its lien on the Dermott Avenue Property to the extent of the Allowed Claim.

(f) Upon satisfaction of the Allowed Claim, the holder of the Class 4 Claim shall release the lien of the deed of trust on this property.

[Please continue to the next page]

2316 Woodbeach Landing, Virginia Beach, VA
23451 – Rental Property

**E. Class 5 – Claim of the U.S. Bank National Association**

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| U.S. Bank National Association | 2316 Woodbeach Landing, Virginia Beach, VA 23451 | $221,611.73 | All amounts outstanding on promissory note per Plan | $278,000 | $0 | (1) $1,086.68 from Effective Date through 01/01/2020; (2) $1,221.07 from 02/01/2020 through 01/01/2021; (3) $1,242.34 from 02/01/2021 through 08/01/2035 (with balloon due at Maturity Date) | (1) 4% from Effective Date through 01/01/2020; (2) 5% from 02/01/2020 through 01/01/2021; (3) 5.25% from 02/01/2021 through 08/01/2035 |

U.S. Bank National Association ("US Bank") is the holder of a promissory note secured by a lien of a deed of trust on the Rental Property located at 2316 Woodbeach Landing ("Woodbeach Landing Property"). US Bank filed Proof of Claim No. 4, reflecting that on the Filing Date, the outstanding amount owed to US Bank was $227,616.72. Pursuant to the valuation of the Debtor's Appraiser, Robert Bell, the value of the Woodbeach Landing Property is $278,000. The Class 5 Claim shall be Allowed in the sum of all amounts outstanding and due on this promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim").

This class is Impaired. US Bank is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

The promissory note secured by the Woodbeach Landing Property shall be modified to provide that:

(a) On the Effective Date, the Allowed Claim shall be amortized over 30 years and bear an annual rate of interest fixed at (1) 4% from the Effective Date through 01/01/2020; (2) 5% from 02/01/2020 through 01/01/2021; and (3) 5.25% from 02/01/2021 through 08/01/2035 ("Maturity Date").

(b) Based on these interest rates, the Debtor believes the monthly payments will be in the estimated amount set forth in the column labeled "projected monthly payment."

(c) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter until the Maturity Date, at which point the balloon balance of the Allowed Class 5 Claim shall be due.

(d) Within the latter of the Effective Date or sixty (60) days after receipt of written notice from the Lender requiring an escrow arrangement for the payment of property taxes and insurance, the Debtor shall commence making monthly escrow payments to Lender in the appropriate amount calculated in accordance with RESPA, other applicable law and these Plan provisions.

(e) At any time after the Effective Date, the Debtor may elect to pay the Allowed amount of the Class 5 Claim in full, without penalty.

(f) The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(g) In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), U.S. National Bank Association shall retain its lien on the Woodbeach Landing Property to the extent of the Allowed Amount of the Class 5 Claim.

(h) Upon satisfaction of the Allowed Claim, the holder of the Class 5 Claim shall release the lien of the deed of trust on the Woodbeach Landing Property.

[Please continue to the next page]

2365 Scotchtown Drive, Virginia Beach, VA
23454 – Rental Property

**F.  Class 6 – Claim of Ditech Financial, LLC**

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| Ditech Financial, LLC | 2365 Scotchtown Drive, Virginia Beach, VA 23454 | $187,871.55 | All amounts outstanding on promissory note per Plan | $230,000 | $42,128.45 | $924.22 | WSJ Prime + 1.00% (adjusted per Plan) |

Ditech Financial, LLC ("Ditech") is the holder of a promissory note secured by a first priority deed of trust on the Rental Property located at 2365 Scotchtown Drive ("Scotchtown Drive Property"). Ditech filed Proof of Claim No. 7, reflecting that on the Filing Date, the outstanding amount owed to Ditech was $193,121.68. The Debtor believes the value of Scotchtown Drive Property to be $230,000. Class 6 Claim shall be Allowed in the sum of all amounts outstanding and due on this promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim").

This class is Impaired. Ditech is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

Ditech's promissory note secured by the Scotchtown Drive Property shall be modified to provide that:

(a) On the Effective Date, the Allowed Claim shall be amortized over 30 years and bear interest at the fixed annual rate set at the Wall Street Journal prime rate plus 1.00 % as of the Confirmation Date.  The interest rate shall be adjusted annually by a maximum increase or decrease of 0.25%. Based upon the current prime rate of interest, the Debtor believes that the monthly payments will be in the estimated amount set forth in the column labeled "projected monthly payment."

(b) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter (subject to the interest rate adjustment described  herein) until the balance of the Allowed Claim is paid in full.

(c) Within the latter of the Effective Date or sixty (60) days after receipt of written notice from the Lender requiring an escrow arrangement for the payment of property taxes and insurance, the Debtor shall commence making monthly escrow payments to Lender in the

15

appropriate amount calculated in accordance with RESPA, other applicable law and these Plan provisions.

(d)  At any time after the Effective Date, the Debtor may elect to pay the Allowed Claim in full, without penalty.

(e)  The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(f)  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), Ditech shall retain its lien on the Scotchtown Drive Property to the extent of the Allowed Amount Claim.

(g)  Upon satisfaction of the Allowed Claim, the holder of the Class 6 Claim shall release the lien of the deed of trust on the Scotchtown Drive Property.

2365 Scotchtown Drive, Virginia Beach, VA 23454 – Rental Property

**G.  Class 7 – Claim of United Guaranty Residential Ins. Co. of NC (transferred from USAA Federal Savings Bank)**

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity (after first mortgage) | Projected Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|---|
| United Guaranty Residential Ins. Co. of NC | 2365 Scotchtown Drive, Virginia Beach, VA 23454 | $24,621.89 | All amounts outstanding on promissory note per Plan | $230,000 | $12,256.43 | $123.07 | WSJ Prime + 1.00% (adjusted per Plan) |

United Guaranty Residential Ins. Co. of NC ("United") is the holder of a promissory note secured by a second priority deed of trust on Scotchtown Drive Property. United filed Proof of Claim No. 3, reflecting that on the Filing Date, the outstanding amount owed to United was $24,288.65. The Debtor believes the value of Scotchtown Drive Property to be $230,000. Based on the foregoing, Class 7 Claim shall be Allowed in the sum of all amounts outstanding and due on this promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim").

This class is Impaired. United is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

United's promissory note secured by the Scotchtown Drive Property shall be modified to provide that:

(a) On the Effective Date, the Allowed Claim shall be amortized over 30 years and bear interest at the fixed annual rate set at the Wall Street Journal prime rate plus 1.00 % as of the Confirmation Date.  The interest rate shall be adjusted annually by a maximum increase or decrease of 0.25%. Based upon the current prime rate of interest, the Debtor believes that the monthly payments will be in the amount set forth in the column labeled "projected monthly payment."

(b) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter (subject to the interest rate adjustment described  herein) until the balance of the Allowed Claim is paid in full.

(c) Within the latter of the Effective Date or sixty (60) days after receipt of written notice from the Lender requiring an escrow arrangement for the payment of property taxes and insurance, the Debtor shall commence making monthly escrow payments to Lender in the appropriate amount calculated in accordance with RESPA, other applicable law and these Plan provisions.

(d) At any time after the Effective Date, the Debtor may elect to pay the Allowed Claim in full, without penalty.

(e) The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(f) In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), Union shall retain its lien on the Scotchtown Drive Property to the extent of the Allowed Claim.

(g) Upon satisfaction of the Allowed Claim, the holder of the Class 7 Claim shall release the lien of the deed of trust on the Scotchtown Drive Property.

[Please continue to the next page]

17

> 2459 Pleasure House Road, Virginia Beach, VA
> 23455 – Rental Property

**H.** Class 8 – Claim of The Bank of New York Mellon

| Lender | Property Address | Principal Balance of Loan | Allowed Claim | Market Value | Equity | Projected Monthly Payment | Interest Rate |
|--------|------------------|---------------------------|---------------|--------------|--------|---------------------------|---------------|
| The Bank of New York Mellon | 2459 Pleasure House Road, Virginia Beach, VA 23455 | $173,744.28 | All amounts outstanding on promissory note per Plan | $224,800 | $21,901.47 | $1,028.06 | WSJ Prime + 1.00% (adjusted per Plan) |

The Bank of New York Mellon ("Bank of NY") is the holder of a promissory note secured by a lien of a deed of trust on the Rental Property located at 2459 Pleasure House Road ("Pleasure House Road Property"). Bank of NY filed Proof of Claim No. 6, reflecting that on the Filing Date, the outstanding balance owed to the Bank of NY was $202,898.53. The Debtor believes the value of the Pleasure House Road Property approximates the current tax assessed value of this property, which is $224,800. The Class 8 Claim shall be Allowed in the sum of all amounts outstanding and due on this promissory note on the Effective Date, including any unpaid principal, accrued interest, and all other applicable fees, costs and charges ("Allowed Claim").

This class is Impaired. The Bank of NY is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

The promissory note secured by the Pleasure House Road Property shall be modified to provide that:

(i) On the Effective Date, the Allowed amount of the Class 8 claim shall be amortized over 30 years and bear interest at the fixed annual rate set at the Wall Street Journal prime rate plus 1.00 % as of the Confirmation Date.  The interest rate shall be adjusted annually by a maximum increase or decrease of 0.25%. Based upon the current prime rate of interest, the Debtor believes that the monthly payments will be in the amount set forth in the column labeled "projected monthly payment."

(j) Monthly principal and interest payments will be due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar period thereafter (subject to the interest rate adjustment described  herein) until the balance of the Allowed Claim is paid in full.

(k) Within the latter of the Effective Date or sixty (60) days after receipt of written notice from the Lender requiring an escrow arrangement for the payment of property taxes and insurance, the Debtor shall commence making monthly escrow payments to Lender in the appropriate amount calculated in accordance with RESPA, other applicable law and these Plan provisions.

(l) At any time after the Effective Date, the Debtor may elect to pay the Allowed Claim in full, without penalty.

(m) The Debtor shall continue to insure, maintain and otherwise preserve this Rental Property in accordance with the Loan Documents.

(n) In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), the Bank of New York Mellon shall retain its lien on the Pleasure House Road Property to the extent of the Allowed Claim.

(o) Upon satisfaction of the Allowed Claim, the holder of the Class 8 Claim shall release the lien of the deed of trust on the Pleasure House Road Property.

**I.**    Class 9 – Unsecured and Undersecured Claims

Class 9 consists of all Unsecured Claims and all Undersecured Claims.

This class is Impaired. The members of Class 9 are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

Class 9 Claims shall receive a lump sum payment of $10,000 within fourteen (14) days from the entry of the order confirming the Plan from the Debtor's cash reserves. Thereafter, Class 9 Claims shall receive Distributions in the form of quarterly installments of $300, commencing on the Effective Date and ending on the last calendar quarter after the 4th anniversary of the Effective Date. The lump sum payment, as well as the quarterly installments shall be distributed *pro rata* amongst the members of Class 9.

At any time after the Effective Date, the Debtor may fully satisfy all obligations due to the holders of Class 9 Claims by pre-paying, from funds borrowed from a third party or from exempt assets (i) the outstanding balance of the quarterly installments due under the Plan, (ii) an amount determined by the Court to be of a value, as of the Effective Date, of not less than the amount that would have been paid on such Class 9 Claims if the estate of the Debtor had been liquidated under Chapter 7 on the Effective Date, or (iii) an amount otherwise agreed by any member of Class 9.  A final distribution shall be made pro-rata to holders of Class 9 Claims if the Debtor elects to make such a pre-payment.  Upon distribution of such pre-payment, the Debtor shall be entitled to file the Discharge Motion.

## VI.    ALLOWANCE AND DISALLOWANCE OF CLAIMS

      A.    Objections to Claims.  The Debtor will evaluate the validity and amount claimed in the filed proofs of claim and will file any objections to such claims in accordance with the Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1.

      B.    Allowance of Claims for Purposes of Voting.  Unless otherwise objected to prior to Confirmation by any party in interest, the holder of any Claim for which a proof of claim (1) has been filed before the deadline set by the Bankruptcy Court for voting on the Plan, or (2) has been deemed filed pursuant to Section 1111(a) of the Code shall be Allowed only for purposes of voting to accept or reject the Plan. The absence of any objection to or examination of any Claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's rights to object to, or re-examine, the Claim in whole or in part for purposes of payment under the Plan.

      C.    Delay of Distribution on Disputed Claim. No distribution will be made on account of any Claim that has not been Allowed.

      D.    Settlement of Disputed Claim.  The Debtor has the power and authority to settle and compromise a Disputed Claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## VII.    PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

In accordance with 11 U.S.C. §§ 365 and 1123(b)(2), all pre-petition unexpired residential leases, property management agreements with Bayview Realty and other executory contracts to which the Debtor was a party on the Filing Date are assumed under the Plan. The property management agreements with Rose &Womble Realty, LLC are rejected. Any other lease, management agreement, or other executory contract that expires by its terms or is terminated in the ordinary course of business during the pendency of the Case is rejected.

## VIII.    EFFECTS OF CONFIRMATION

Confirmation of the Plan, except to the extent expressly stated to the contrary in the Plan, shall generally have the effect described in §1141. As this is a reorganizing plan for an individual, the Debtor will receive a discharge, pursuant to 11 U.S.C. §1141(d).  All creditors and parties in interest are bound by the Plan, as confirmed, and will not have claims against the Debtor other than as specifically stated in the Plan. The sole remedy and right of collection of the holders of Claims shall be pursuant to the provisions of this Plan, whether or not they accepted this Plan and whether or not the claims of such holder are impaired under the Plan.

## IX.  DISCHARGE

Absent leave of this Court and except as provided in the Plan, all creditors and parties in interest are enjoined from instituting any act to collect any Pre-Petition obligations of the Debtor. Upon (a) the conclusion of all payments under the Plan, or (b) completion of all payments of Class 9 Claims in accordance with the Plan, the Debtor shall file a Discharge Motion and timely comply with Standing Order 09-1 of this Court.

Upon the granting of the discharge, unless specifically excepted by the Court, the Debtor shall be released and discharged from any and all Pre-Petition claims, rights, debts, liabilities, demands, obligations, liens, security interests, rights of indemnity or contribution, promises, acts, agreements, covenants, contracts, costs, expenses (including, without limitation, attorneys' fees), judgments, damages, and causes of action, of any kind or nature, in law, equity, or otherwise, whether known or unknown, direct or indirect, which any creditor, ever had, now have or hereafter can, shall or may have, or succeed to, arising from relating to, or in connection with, whether directly or indirectly, the Case and the provisions of this Plan.

## X.  GENERAL PROVISIONS

A.  <u>Effectuating Documents and Further Transactions</u>:  The Debtor shall be authorized to execute, deliver, file or record such stipulations, contracts, instruments, releases and other agreements or documents and take such actions on behalf of the Debtor as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

B.  <u>Exemption from Transfer Taxes</u>:  Pursuant to § 1146(c) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer, under, in furtherance of, or in connection with this Plan, including any deeds, bills of sale or assignments executed in connection with the disposition of assets, contemplated by this Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

C.  <u>Permanent Injunction</u>:  As of the Effective Date, all entities that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against the Debtor or the Estate, and/or its respective property on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Lien or encumbrance; (iv) asserting a setoff or right of subrogation of any kind against any debt, liability or obligation due to any released entity; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

D.   Modification of Plan:  The Debtor reserves the right, in accordance with the Bankruptcy Code and Bankruptcy Rules, to amend or modify this Plan at any time prior to the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Debtor may amend or modify this Plan, in accordance with Bankruptcy Code § 1127, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.  A holder of an Allowed Claim or equity interest that is deemed to have accepted this Plan shall be deemed to have accepted this Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim or equity interest of such holder.

E.   Withdrawal or Revocation:  The Debtor may withdraw or revoke this Plan at any time prior to the Confirmation.  If the Debtor revokes or withdraws this Plan prior to Confirmation, or if this Plan is not Confirmed, then this Plan shall be deemed null and void.

F.   Courts of Competent Jurisdiction:  If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

G.   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

H.   Binding Effect.  The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

I.   Governing Law:  Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia, without giving effect to the principles of conflicts of law thereof.

J.   Conflicting Provisions:  To the extent that the provisions of the Disclosure Statement are inconsistent with this Plan, the provisions of this Plan shall govern.

K.   Headings:  Headings are used in this Plan for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

     L.     <u>Motion to Close Case</u>: The Debtor may seek to close his bankruptcy case after the Plan is confirmed, but prior to discharge.  The Debtor may then seek to reopen this case for the entry of a discharge upon completion of Plan payments under Bankruptcy Code § 1141(d)(5)(A).

     M.     The Debtor shall be entitled to file the Discharge Motion upon early payment to Unsecured and Undersecured creditors of Class 9, as reflected in Section V, I of the Plan.

## XI.     POST-CONFIRMATION LIMITATIONS

The Debtor shall file all requisite federal, state and local tax returns.

## XII.     EVENT OF DEFAULT

The occurrence of any of the following shall constitute an Event of Default under the Plan:

     A.     The failure of the Debtor to make any payment or distribution when due under the Plan, which failure shall continue for a period of thirty (30) days or more after written notice from any creditor or the U.S. Trustee regarding the default; and

     B.     The failure of the Debtor to comply with any of the covenants contained in the Plan, which failure remains uncured for a period of thirty (30) days or more after written notice from any creditor or the U.S. Trustee regarding the default.

<u>Default Remedies</u>:  Upon the occurrence of an Event of Default under the Plan which is not excused, postponed, modified or waived by Order of the Court or by the written agreement of the applicable creditor and which has not been cured within any applicable time period upon written notice from a creditor or the U.S. Trustee, interest shall accrue at the rate of four percent (4.00%) per annum on each unpaid obligation commencing from the date said payment or distribution was due under the Plan.  The creditor shall be entitled to use applicable federal or state law remedies to collect such debt.

Should the Debtor be unable to make payments to the holder of the Class 3 Claim pursuant to this Plan, the Debtor shall agree to surrender the Dermott Avenue Property, as an exclusive remedy of the holder of this Claim, by tendering a Quitclaim Deed to the holder of the Class 3 Claim, unless the Debtor and the holder of the Class 3 Claim otherwise agree.

## XIII.     JURISDICTION OF THE COURT

The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes of Bankruptcy Code § 1127(b) of the Code and for the following purposes:

     A.     Classification of the claim of any creditor and the re-examination of claims that have been allowed for purposes of voting, and the determination of such

objections as may be filed to such claims.  The failure by the Debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part.

B.      Determine any and all applications for compensation and reimbursement of expenses pursuant to Bankruptcy Code § 330.

C.      Modify the Plan or correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan to the extent authorized by the Bankruptcy Code and Bankruptcy Rules.

D.      Determine any and all applications, adversary proceedings, and contested or litigated matters pending on Confirmation or arising in or related to the Debtor's reorganization proceeding.

E.      Determine matters concerning state, local and federal taxes pursuant to Bankruptcy Code §§ 106, 505, 1141 and 1146.

F.      Determine the validity, priority, enforceability and extent of all liens, encumbrances, mortgages, security agreements, deeds of trust, assignments and other charges and levies which are, or become liens or encumbrances on assets or Estate Property prior to Confirmation.

G.      Resolve controversies and disputes regarding the interpretation of the Plan.

H.      Implement the provisions of the Plan and enter any orders in aid of Confirmation and consummation of the Plan including, without limitation, orders to protect the Debtor and assets and Estate Property from actions by creditors and/or interest holders of the Debtor.

I.       Enforce the rights of the Debtor under the Plan.

J.      Consider any Discharge Motion and entry of any order granting a discharge pursuant to 11 U.S.C. § 1141.

K.      For such other matters as may be set forth in the Confirmation Order.

## XIV.  **NOTICES**

Any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be mailed by certified mail to the Debtor and by regular mail to counsel for the Debtor at the following address:

Karen M. Crowley
Olga Antle
Crowley, Liberatore, Ryan & Brogan, P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510

A copy of any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be also mailed by first class mail to:

Office of the United States Trustee
Federal Building, Room 625
200 Granby Street
Norfolk, VA 23510

## XV.    CONCLUSION

The Plan complies with all applicable provisions of Chapter 11, Title 11, United States Code.  The Plan is proposed in good faith, is not prohibited by law, and is in the best interests of all creditors, holders of equity interests, and the Debtor as reorganized in accordance herewith.


JOHN BIANCO

By:    /s/ Olga Antle
           Of Counsel

Karen M. Crowley, VSB No. 35881
Olga Antle, VSB No. 83153
Crowley, Liberatore, Ryan & Brogan, P.C.
150 Boush Street, Suite 300
Norfolk, Virginia 23510
Telephone:  (757) 333-4500
Facsimile:  (757) 333-4501
Counsel for John Bianco